## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL ADAVENAIXX, individually and on behalf of all similarly situated,<br><br>       *Plaintiff*,<br><br>v.<br><br>HOWARD UNIVERSITY,<br><br>       *Defendant*. | Civil Action No. 1:23-cv-00663-DLF |

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff and Settlement Class Representative Chanel Adavenaixx ("Plaintiff" or "Class Representative," and, collectively with the members of the Settlement Class, the "Settlement Class Members"), on the one hand, and Howard University ("Howard" or the "University"), on the other hand, have entered into a Class Action Settlement Agreement and Release entered into as of May 6, 2024 (the "Settlement" or "Settlement Agreement") to settle the above-captioned litigation (the "Action"). The Settlement Agreement, together with its exhibits incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Action. Additionally, Class Counsel has filed a Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification, and Approval of Notice Plan Pursuant to Federal Rule of Civil Procedure 23(e)(1) (the "Motion").[1]

Having reviewed the Settlement Agreement and its exhibits, the Motion, the pleadings, and other papers on file in this action and statements of counsel, the Court finds that the Motion should

---

[1] Terms used herein shall have the meaning accorded to them in the Settlement Agreement except to the extent otherwise specified herein.

be GRANTED and that this Preliminary Approval Order should be entered.  Terms and phrases used in this Preliminary Approval Order not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement.

NOW, THEREFORE, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1.      The Parties have agreed to a class action settlement of all Released Claims.  Plaintiff seeks, and for purposes of settlement only the University does not object to, certification of a Settlement Class defined as follows:

> All Howard students enrolled in the Spring 2020 Semester who did not withdraw by March 16, 2020 for whom any amount of tuition and/or fees was paid to Howard from any source other than a scholarship, grant, or tuition remission from Howard, or any other source that did not require repayment, and whose tuition and/or fees have not been fully refunded.

Specifically excluded from the Settlement Class are the following persons:

> (i)     Any students who received full scholarships or tuition remission from Howard or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition and/or fees for the Spring 2020 Semester (*i.e.*, those whose tuition and fees were paid for by institutional aid, tuition benefits, federal/state/local grants, GI/Yellow Ribbon benefits, outside scholarships and/or third-party sponsorships);

> (ii)    The University and its officers, trustees and their family members;

> (iii)   Class Counsel;

> (iv)   The Judge presiding over the Action; and

> (v)    All persons who properly execute and file a timely opt-out request to be excluded from the Settlement Class.

The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiff's proposed claims may be certified as a class action for purposes other than settlement,

and the University hereby retains all rights to argue that Plaintiff's proposed claims may not be certified for class treatment except for settlement purposes.

2.      For purposes of preliminary approval, this Court assesses the Settlement Agreement under Federal Rule of Civil Procedure 23(e).  Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner" to proposed Settlement Class Members "if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2) and (ii) certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B). The Court recognizes that Howard's agreement to this Settlement Agreement is not an admission of any fault, wrongdoing, or liability and has made no findings of any fault, wrongdoing, or liability by Howard.

## Likely Approval As Fair, Reasonable, And Adequate

3.      To determine whether the Settlement Agreement is fair, reasonable. and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account:  (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4.      The Class Representative is adequately representing the proposed Settlement Class: she shares the same alleged injury (that they allegedly paid tuition and fees in exchange for in-person instruction, services, and activities during the Spring 2020 Semester and allegedly were entitled to partial refunds based on the University's transition to remote instruction beginning in March 2020 in response to the COVID-19 pandemic) and the same interests.  Thomas J. McKenna,

Esq. and Gregory M. Egleston, Esq. of Gainey McKenna & Egleston and L. Timothy Fisher, Esq. and Neal J. Deckant, Esq. of Bursor & Fisher, P.A. are experienced class counsel who are adequately representing the proposed Settlement Class.

5.      There is no question that the Parties are at arm's length.  The Settlement Agreement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were adequately informed of the strengths and weaknesses of the case through discovery and whose negotiations were supervised by the Honorable G. Michael Harvey, United States Magistrate Judge.

6.      The Settlement Agreement provides adequate relief to the proposed Settlement Class.  The University has agreed to pay $2,073,680 to cover cash payments to Settlement Class Members, Notice and Administration Costs, a Fee and Expense Award for Class Counsel, and a Class Representative Award for the Class Representative.  From that amount, Settlement Class Members are eligible to receive cash payments.  Cash payments will be shares of the Net Settlement Fund divided equally amount Settlement Class Members.  Settlement Class Members do not need to file a claim in order to receive a cash payment.

7.      If the Settlement Agreement had not been reached, the Parties planned to vigorously contest this matter, including the University's anticipated summary judgment motion(s) and Plaintiff's motion for class certification, and Plaintiff's chances at trial also would have been uncertain.  In light of the costs, risks and delay of trial and appeal, this relief is adequate for purposes of Rule 23(e)(1).

8.      There is no reason to doubt the effectiveness of distributing relief under the Settlement Agreement.  As further addressed below, the Parties propose a Notice program, which

is detailed in Settlement Agreement, which the Court finds is reasonably calculated to reach nearly all members of the proposed Settlement Class.

9.      After Notice is provided to Settlement Class Members and in connection with the Final Approval Hearing, this Court will assess the reasonableness of the proposed Settlement and the request of Class Counsel for a Fee and Expense Award and Class Representative Award.  At this preliminary stage, the Court finds that the plan to request that the Fee and Expense Award and Class Representative Award be paid from the Net Settlement Fund creates no reason not to direct notice to the proposed Settlement Class and permit Settlement Class Members to be apprised of their rights and the proposed Settlement.

10.     No agreements exist between the Parties aside from the Settlement Agreement.

11.     The Settlement Agreement treats members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class are eligible for an equal cash payment from the Net Settlement Fund.  These are equitable terms.

12.     Having reviewed the Settlement Agreement, the supporting exhibits and the Parties' arguments, this Court finds that the Settlement Agreement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class, and thus likely to be approved, subject to further consideration at the Final Approval Hearing to be conducted as described below.

13.     The Court preliminarily approves the Settlement Agreement subject to the Final Approval Hearing for purposes of deciding whether to grant final approval to the Settlement. This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

## Likely Certification Of Settlement Class

14.     Because Settlement Class Members seek damages, the Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3).  *See* Fed. R. Civ. P. 23(a)-(b).  The Court makes this assessment for the purposes of settlement only at this time.

15.     As to the requirements of Rule 23(a) for settlement purposes only, (i) the Settlement Class provisionally certified herein includes thousands of individuals, and joinder of all would be impracticable, (ii) there are questions of law and fact common to the Settlement Class, (iii) the Class Representative's claims are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement and (iv) the Class Representative is an adequate representative of the Settlement Class.  As to the requirements of Rule 23(b)(3) for settlement purposes only, questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and a class action on behalf of the Settlement Class is superior to other available means of settling and disposing of this dispute.  Because the Settlement Agreement contemplates that no trial of the claims asserted in the Class Action Complaint will be necessary, however, the Court makes no finding as to the manageability of adjudicating those claims on a class basis.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

16.     For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds it will likely certify the Settlement Class defined above in Paragraph 1 of this Order and preliminarily certifies the Settlement Class.  This finding is subject to further consideration at the Final Approval Hearing to be conducted as described below.

17.     The Court hereby preliminarily appoints, for settlement purposes only, the Class Representative as the representative of the Settlement Class.  Pursuant to Rule 23(g), the Court

hereby preliminarily appoints, for settlement purposes only, Thomas J. McKenna, Esq. and Gregory M. Egleston, Esq. of Gainey McKenna & Egleston and L. Timothy Fisher, Esq. and Neal J. Deckant, Esq. of Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.

### Approval Of The Manner And Form Of Notice

18.     Epiq Class Action & Claims Solutions, Inc. has been selected to serve as the Claims Administrator under the terms of the Settlement Agreement.  The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. to serve as the Claims Administrator in accordance with the provisions of Section VII of the Settlement Agreement.

19.     The Court approves the Notice, the content of which is without material alteration from Exhibits A-1 and A-2 to the Settlement Agreement.

20.     The Court approves the creation of the Settlement Website, as defined at Paragraph 36 of the Settlement Agreement, that shall include, at a minimum, copies of the Settlement Agreement and the Notice, and shall be maintained in accordance with the provisions of Section VII of the Settlement Agreement.

21.     The Court finds that the Notice program as set forth in the Settlement Agreement, filed concurrently with the Motion, (a) is the best practicable notice, (b) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, (c) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the Settlement and (d) meets all applicable requirements of applicable law.  The Notice program satisfies the requirements of Rule 23(c)(2)(B) and due process.  The Court therefore approves the Notice program and the Notice documents substantially in the form attached as the exhibits to the Motion.

22.     The Court orders the Claims Administrator to file proof of compliance with the Notice program at least twenty-one (21) days before the Final Approval Hearing.

23.     Pursuant to 34 C.F.R. § 99.37(a), the Court finds that names, email addresses, and mailing addresses in education records of current students of the University constitute "directory information" and may be disclosed, without consent, to the Claims Administrator for purposes of providing Notice in this Action if (a) the University has previously provided public notice that the names, email addresses, and mailing addresses  are considered "directory information" that may be disclosed to third parties, including public notice of how students may restrict the disclosure of such information; and (b) the student has not exercised a right to block disclosure of any such information, including but not limited to email addresses or mailing addresses by requesting that Howard's Registrar keep their records "confidential" ("FERPA Block"). The University shall not disclose from education records the names, email addresses, or mailing addresses subject to a FERPA Block.

24.     Pursuant to 34 C.F.R. § 99.37(b), the Court further finds that names, email addresses, and mailing addresses in education records of former students of the University constitute "directory information" and may be disclosed, without consent, to the Claims Administrator for purposes of providing class notice in this Action, provided that the University continues to honor any valid and un-rescinded FERPA Block (*i.e.*, where students have requested that Howard's Registrar keep their records "confidential").  The University will send notice to Settlement Class Members whose email addresses and mailing addresses are subject to a valid and un-rescinded FERPA Block.

25.     This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel the University to provide the Class List information to the Claims Administrator in accordance with Section IV.1 of the Settlement Agreement.  The Court further rules that the Notice

and the Notice program constitute a reasonable effort under 34 C.F.R. § 99.31(a)(9)(ii) to notify Settlement Class Members of this Order sufficiently in advance of disclosure to allow the Settlement Class Member an opportunity to seek protective action, including filing a motion to quash with this Court.

## Participation In, Exclusion From, Or Objection To The Settlement

26. The Court orders any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion in writing that:

      a.     includes a statement requesting exclusion from the Settlement Class;

      b.     is personally signed by the Settlement Class Member; and

      c.     includes the Settlement Class Member's name, mailing address, telephone number, email address, and the caption of the Action.

27. Members of the Settlement Class who wish to be excluded from the Settlement Class must do so with respect to all claims against the University. A member of the Settlement Class may opt out on an individual basis only; so-called "mass" or "class" opt outs shall not be allowed.

28. All requests for exclusion must be submitted no later than ninety-five (95) days after the entry of this Order. Any member of the Settlement Class who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

29. Any Settlement Class Member who fails to submit a timely and complete request for exclusion sent to the proper address shall be subject to and bound by the Settlement Agreement and every order or judgment entered pursuant to the Settlement Agreement. Any purported request for exclusion or other communication sent to such address that is unclear or internally inconsistent

with respect to the desire of the Settlement Class Member to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court.  Requests for exclusion signed only by counsel or another representative shall not be permitted.

30.     Any Settlement Class Member who wishes to object to the Settlement Agreement or the proposed settlement or to the requested Fees and Expense Award must file with the Court a written objection no later than ninety-five (95) days after the entrance of this Order.  Such objection must:

> a.      state that the person objecting is a Settlement Class Member;
>
> b.      include the objecting person's name, address, email, and telephone number;
>
> c.      be personally signed by the objecting person;
>
> d.      contain a statement that identifies the substance of all objections, provides whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and provides the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and
>
> e.      include a statement whether the objector intends to appear and seek to be heard at the Final Approval Hearing, with or without counsel.

31.     The Settlement Class Member must also serve by mail or hand delivery the Settlement Class Member's objection, including all papers or evidence in support thereof, upon the Claims Administrator, Class Counsel and Howard Counsel, at the addresses set forth in the Class Notice.

32. Any Settlement Class Member who fails to properly and timely file a written objection with the Court, along with the required information and documentation set forth in ¶ 30 above, or to serve them as required in ¶ 31 above, shall not be heard during the Final Approval Hearing, shall not have his or her objections be considered by the Court and shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

33. Class Counsel and Howard Counsel may respond to any objection filed by a Settlement Class Member, and must file such a response with the Court no later than seven (7) days prior to the Final Approval Hearing.

34. Settlement Class Members may not both object and opt out. If a member of the Settlement Class submits both a request for exclusion and an objection, the request for exclusion shall be controlling.

35. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement, the proposed Settlement, or the requested Fees and Expense Award will be at the Settlement Class Member's expense.

36. Any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the requested Fee and Expense Award and who intends to make an appearance at the Final Approval Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Howard Counsel) and file with the Clerk of the Court a notice of intention to appear no later than ninety-five (95) days after the entry of this Order.

37. Any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Final Approval Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Howard Counsel) and file with the Court a notice of intention to appear no later than ninety-five (95) days after the entry of this Order.

38.     The Court orders the Claims Administrator to establish a post office box in the name of the Claims Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications.  Only the Claims Administrator, Class Counsel, the University's counsel, the University, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

39.     The Court orders the Claims Administrator to promptly furnish Class Counsel and Howard Counsel with copies of any and all written requests for exclusion, notices of intention to appear, or other communications that come into its possession, except as expressly provided in the Settlement Agreement.

40.     The Court orders that Class Counsel shall file their applications for a Fee and Expense Award and a Class Representative Award in accordance with the terms set forth in Section X of the Settlement Agreement.

41.     The Court orders the Claims Administrator to provide Class Counsel and Howard Counsel with copies of all requests for exclusion on a weekly basis by email and to provide the Opt-Out List to Class Counsel and Howard Counsel no later than seven (7) days after the Opt-Out and Objection Date.  The Court further orders Class Counsel to file with the Court the Opt-Out List with an affidavit from the Claims Administrator attesting to the completeness and accuracy thereof no later than three (3) business days thereafter or on such other date as the Parties may direct.

### Final Approval Hearing And Related Deadlines

42.     This Court will hold a Final Approval Hearing, on October 1, 2024 at 11:00 AM, in the United States District Court for the District of Columbia, Courtroom 14, 333 Constitution Ave., N.W., Washington, D.C. 20001 or by remote means as ordered by the Court.

12

The purposes of the Final Approval Hearing will be to consider the fairness, reasonableness. and adequacy of the proposed Settlement and the application for a Fee and Expense Award and a Class Representative Award, and to consider whether the Court should issue a Final Order and Judgment approving the Settlement, granting Class Counsel's application for a Fee and Expense Award, granting the application for a Class Representative Award, and dismissing the claims against the University with prejudice.

43.     The Court reserves the right to adjourn the Final Approval Hearing without further notice to Settlement Class Members, or to approve the Settlement with modification without further notice to Settlement Class Members.

44.     Class Counsel's papers in support of any application for a Fee and Expense Award and/or Class Representative Award shall be filed no later than fourteen (14) days prior to the Opt-Out and Objection Date.

45.     Class Counsel's papers in support of final approval of the Settlement shall be filed no later than ten (10) days prior to the Final Approval Hearing.

### Effects Of This Preliminary Approval Order

46.     All members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are preliminarily enjoined from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, participant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims, (b) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class, regardless of whether or not they have been excluded from the Settlement Class, based on, relating to, or arising

out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims and (c) attempting to effect Opt-Outs of a class of individuals in this lawsuit or any other lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims.

47.     Within twenty-one (21) business days following the entry of Final Judgment, Howard shall pay into the Escrow Account the Settlement Amount, less any costs of Notice and Administration Costs that Howard already remitted to the Claims Administrator related to effectuating Notice pursuant to Section IV of the Settlement Agreement.

48.     Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

49.     If for any reason the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification (which shall not include any reduction to a Fee and Expense Award  or to the Class Representative Award), if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

Dated:  June 18, 2024

_____
Dabney L. Friedrich
United States District Judge