IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL ADAVENAIXX, individually and on behalf of all similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>HOWARD UNIVERSITY,<br><br>   *Defendant*. | Civil Action No. 1:23-cv-00663-DLF |

**FINAL JUDGMENT AND ORDER**

  Chanel Adavenaixx ("Settlement Class Representative," and, collectively, with the members of the Settlement Class, the "Settlement Class Members"), on the one hand, and Howard University ("Howard" or the "University"), on the other hand, entered into a Class Action Settlement Agreement and Release as of May 6, 2024 (the "Settlement" or "Settlement Agreement") to resolve the above-captioned litigation (the "Action").[1] On June 18, 2024, the Court granted preliminary approval of the Settlement, provisionally approving certification of a class for settlement. *See* Order Granting Preliminary Approval of Class Action Settlement, Dkt. 38 ("Preliminary Approval Order").

  On October 1, 2024, the Court held a Final Approval Hearing on (1) Plaintiff's Motion for Final Approval of Class Action Settlement, Dkt. 42, and (2) Plaintiff's Motion for Attorneys' Fees, Expenses, and a Service Award, Dkt. 40. Through the briefs, exhibits, and argument

---

[1]  Unless defined differently herein, this Final Judgment and Order incorporates the definitions in the Settlement Agreement. The Settlement Agreement is adopted by the Court and made part of this Final Judgment and Order as if set out in full herein. *See* Settlement Agreement, Dkt. 33-3.

at the Final Approval Hearing, the Court has thoroughly examined and considered the Settlement and Settlement Agreement and the requests for Attorneys' Fees, Expenses, and a Service Award.

Having reviewed the motions and all related pleadings and filings and having also heard the evidence and argument presented at the Final Approval Hearing, which are incorporated herein by reference, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

### I.   FINAL JUDGMENT AND ORDER

#### A.   Certification Of The Settlement Class

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Judgment and Order, the "Settlement Class"):

> All Howard students enrolled in the Spring 2020 Semester who did not withdraw by March 16, 2020 for whom any amount of tuition and/or fees was paid to Howard from any source other than a scholarship, grant, or tuition remission from Howard, or any other source that did not require repayment, and whose tuition and/or fees have not been fully refunded.
>
> Specifically excluded are the following Persons:
>
> (i) Any students who received full scholarships or tuition remission from Howard or who did not themselves ultimately pay any tuition or fees for the Spring 2020 Semester (*i.e.*, those whose tuition and fees were paid for by institutional aid, tuition benefits, federal/state/local grants, GI/Yellow Ribbon benefits, outside scholarships, and/or third-party sponsorships);
>
> (ii) The University and its officers, trustees and their family members;
>
> (iii) Class Counsel;
>
> (iv) The judges who have presided over the Action; and
>
> (v) All persons who properly execute and file a timely opt-out request to be excluded from the Settlement Class.

2. For the reasons stated in its Preliminary Approval Order and as summarized below, the Court finds that the Settlement Class meets the requirements of Rule 23 for certification for settlement purposes only:

a. Rule 23(a)(1) Numerosity: The Settlement Class is too numerous to practicably join all members because it includes thousands of students who have not already settled and/or released their claims.

b. Rule 23(a)(2) Commonality: "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that the claims arising from that injury depend on a "common contention … of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, U.S., 564 U.S. 338, 349–50, 359 (2011). Here, Settlement Class Members allegedly paid tuition and fees for in-person instruction for the Spring 2020 Semester and received remote instruction during the Spring 2020 Semester, and, thus, suffered the same alleged injury. Central questions of fact and law common to all Settlement Class Members include, *inter alia*, whether the University promised to provide in-person instruction during the Spring 2020 Semester.

c. Rule 23(a)(3) Typicality: the Settlement Class Representative's claims are typical of the members of the Settlement Class because they challenge the same conduct — the University's provision of remote instruction instead of in-person instruction beginning in the Spring 2020 Semester — and make the same legal arguments.

d. Rule 23(a)(4) Adequacy: Both the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class throughout the Action and for the purposes of entering into and implementing the Settlement.

e. Rule 23(b)(3) Predominance: Under Rule 23(b)(3), a class action may be maintained if the Court finds that questions of law or fact common to the

class members predominate over any questions affecting individual members. Here, all Settlement Class Members share a common alleged legal grievance arising from the University's provision of remote education beginning in the Spring 2020 Semester, when Settlement Class Members had allegedly agreed to pay tuition and fees for in-person instruction. Common legal and factual questions — including whether the University promised to provide in-person instruction during the Spring 2020 Semester — are central to all Settlement Class Members' claims and predominate over any individual questions that may exist.

      f.      Rule 23(b)(3) Superiority: A class action is superior to many individual actions. Members of the proposed Settlement Class received educational instruction during the Spring 2020 Semester and may not have suffered sufficient damages to justify the costs of litigation. The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through a Cash Award.

3.      The Court hereby appoints the Settlement Class Representative as the representative of the Settlement Class. The Court hereby appoints Thomas J. McKenna and Gregory M. Egleston of Gainey McKenna & Egleston and L. Timothy Fisher and Neal J. Deckant of Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.

### B.    Notice

4.      The Court affirms the appointment of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Claims Administrator.

5.      In accordance with the Settlement Agreement and Preliminary Approval Order, the Claims Administrator launched the Settlement Website on June 28, 2024.

6.      Pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, Epiq emailed the Court-approved Notice to all valid email addresses of Settlement Class

Members within thirty (30) days of receiving the Class List. Epiq accordingly emailed the Court-approved Notice to 8,646 Settlement Class Members. Only 600 Notices were unable to be delivered via email.

7. Pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, Epiq mailed the Court-approved Notice to all Settlement Class Members for whom an email address was not available within thirty (30) days of receiving the Class List. Epiq accordingly mailed the Court-approved Notice to 114 Settlement Class Members. After 20 Notices were returned as undeliverable, Epiq successfully re-mailed the undeliverable Notices for which it could identify new addresses through skip tracing.

8. There were no Settlement Class Members whose information was subject to a FERPA Block. As such, Howard was not required to send Notice to any Class Member.

9. Direct notice was therefore sent to at least 93.03% of Settlement Class Members.

10. No Settlement Class Member has filed an objection to the Class Notice Program.

11. The Class Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Final Approval Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

12. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

13. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715. *See* Dkt. 41, Ex. A.

### C.   Final Approval of Settlement

14. At the Final Approval Hearing held on October 1, 2024, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the notice provided to Settlement Class Members, considering the pleadings and argument of the parties and their counsel and the interests of all absent members of the Settlement Class. After thoroughly considering the briefing and arguments of the parties and considering the factors required by Rule 23 and the D.C. Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and the Court grants final approval to the Settlement.

15. Specifically, the Court determines that (a) the Settlement Class Representative and Class Counsel have adequately protected the Settlement Class, (b) the Settlement was negotiated at arm's-length, (c) the relief to the Settlement Class is adequate, taking into account: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure, and (d) the Settlement treats Settlement Class Members equitably relative to each other because, all members of the proposed Settlement Class are eligible to receive a Cash Award on a *pro rata* basis. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court finds that the Settlement is the result of extended, arm's-length negotiations

among experienced counsel, including with the aid of Magistrate Judge G. Michael Harvey, and is non-collusive.

16.     The Parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement or otherwise submitted to the Court.

17.     No Settlement Class Member has filed an objection to the Settlement.

18.     The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class.

### D.     Implementation of Settlement for Settlement Class Members

19.     The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

20.     No amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund shall revert back to the University for its own use.  Uncashed settlement checks and unsuccessful electronic payments shall be redistributed as a second distribution to Settlement Class Members who did not cash their checks or successfully receive electronic payment.  If the expense of making a second distribution exceeds the total amount of the uncashed checks and unsuccessful payments, the remainder, if any, shall instead be provided to the University to be deposited in and used to make payments for a specially authorized Howard scholarship fund or charitable cause as agreed upon by the Parties ("*Cy Pres* Award").  The Court further determines that this *Cy Pres* Award, with its mission closely aligned to helping students manage unexpected costs during their academic career, will ensure that the distribution of amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund will be for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of Settlement Class Members, and the interests of those similarly situated.

### E. Exclusions From the Settlement Class

21. The Claims Administrator has not received any requests for exclusion from the Settlement Class from any Settlement Class Members.

### F. Releases

22. The Court adjudges that in consideration of the Settlement and as set forth in the Settlement Agreement, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each and every one of the Released Parties and their respective heirs, executors, administrators, predecessors, successors, insurers and assigns.

23. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law.

### G. Settlement Agreement as Exclusive Remedy For Released Claims

24. The Settlement Agreement and this Final Judgment and Order shall be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Releasing Parties. As of the Effective Date, enforcement of the Settlement Agreement shall be the exclusive remedy for the Settlement Class Representative and all Settlement Class Members who have not been excluded from the Settlement Class, all of whom are bound by all proceedings, orders and judgments in the

Action and are permanently barred and enjoined from instituting, asserting, commencing, prosecuting, or continuing to prosecute, or causing to be commenced or prosecuted, either directly or indirectly, any of the Released Claims against the University or any of the Released Parties in any action or other proceeding. Members of the Settlement Class who have not been excluded from the Settlement Class and who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

25. This Final Judgment and Order bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in, or causing to be filed, commenced, or prosecuted, any other lawsuit, administrative, or regulatory action, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the Released Claims or the facts and circumstances giving rise to the Action or the Released Claims, or in any way related to tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member to any Released Party, in connection with the Spring 2020 Semester and Howard's transition to remote instruction in response to the COVID-19 global pandemic, including without limitation all claims that were brought or could have been brought in the Action, and (b) organizing Settlement Class Members, regardless of whether or not they have been excluded from the Settlement Class, into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims.

### H. Effect Of This Final Judgment and Order

26. If for any reason this judgment is reversed, vacated, or materially modified on appeal or by collateral attack (and, in the event of material modification, which shall not include any modification to an award of Attorneys' Fees and Costs or to the Service Awards, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

### I. No Admission of Liability

27. The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the University or any Released Parties or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Settlement Agreement and the Final Judgment and Order.

28. The Court dismisses the Action on the merits and with prejudice and without fees or costs except as provided herein. The Court orders the entry of, and enters, this Final Judgment and Order on all claims, counts, and causes of action alleged in the Action by the Settlement Class Representative, on behalf of herself, the Settlement Class, or both. In entering this Final Judgment and Order with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or

applying this Final Judgment and Order implement and enforce its terms and limitations in their entirety.

29. The Court has and retains personal jurisdiction over the Settlement Class Representative and all Settlement Class Members and has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto. Without affecting the finality of this Final Judgment and Order in any way, this Court reserves jurisdiction over the University, the Settlement Class Representative, Class Counsel, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement Agreement and Final Judgment and Order and for any other necessary purposes.

30. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Judgment and Order and (b) do not limit the rights of the Parties or Settlement Class Members.

31. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Judgment and Order as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Judgment and Order as a final order and final judgment.

**SO ORDERED.**

Date: October 1, 2024

_____
DABNEY L. FRIEDRICH
United States District Judge